IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Carol Hass, individually and as Special
Administrator of the Estate of Laverne A.
Hass, Deceased,

        Plaintiff,

v.

A.W. Chesterton Company, et al.

        Defendants.

Case No. 3:00-cv-00175
Consolidated with 02-cv-00178

Remanded From:
Eastern District of Pennsylvania
Case No. 2:09-cv-60267
Consolidated with 09-cv-60298

## ALBANY INTERNATIONAL CORPORATION'S
## PROPOSED JURY INSTRUCTIONS

Defendant, Albany International Corporation, by its attorneys, Crivello Carlson S.C., respectfully requests the following proposed jury instructions. At present, defendant believes the instructions it will submit to the Court for the trial of this matter will be as follows (all citations to the standard Wisconsin Jury Instructions – Civil, unless noted):

1.     Preliminary Instructions Before Trial – Wis. J.I. Civil - 50

2.     Note Taking Permitted – Wis. J.I. Civil - 61

3.     Opening – Wis. J.I. Civil - 100

4.     Arguments of Counsel – Wis. J.I. Civil - 110

5.     Objections of Counsel – Wis. J.I. Civil - 115

6.     Ignoring Judge's Demeanor – Wis. J.I. Civil - 120

7.     Stricken Testimony – Wis. J.I. Civil - 130

8.     Burden of Proof: Ordinary– Wis. J.I. Civil -200

9.     Burden of Proof: Middle – Wis. J.I. Civil - 205

10. Credibility of Witnesses: Weight of Evidence – Wis. J.I. Civil - 215

11. Jury Not to Speculate (as modified below) – Wis. J.I. Civil - 220

12. Circumstantial Evidence – Wis. J.I. Civil - 220

13. Expert Testimony: General – Wis. J.I. Civil - 260

14. Expert Testimony: Hypothetical Questions – Wis. J.I. Civil - 220

15. Falsus in Uno – Wis. J.I. Civil - 405

16. Negligence: Defined – Wis. J.I. Civil - 1005

17. Contributory Negligence: Defined – Wis. J.I. Civil – 1007 (optional paragraphs omitted)

18. Negligence: Evidence of Custom and Usage (as modified below) – Wis. J.I. Civil - 1019

19. Negligence: Duty of Manufacturer – Wis. J.I. Civil - 3240

20. Negligence: Duty of Manufacturer to Warn – Wis. J.I. Civil -3242

21. Duty of Buyer or Consumer – Wis. J.I. Civil - 3254

22. Strict Liability: Duty of Manufacturer to Ultimate User – Wis. J.I. Civil - 3260

23. Strict Liability: Duty of Supplier to Warn – Wis. J.I. Civil -3262

24. Strict Liability: Contributory Negligence: User – Wis. J.I. Civil - 3268

25. Cause (as modified below) – Wis. J.I. Civil - 1500

26. Comparative Negligence – Wis. J.I. Civil - 1580

27. Damages: General – Wis. J.I. Civil - 1700

28. Damages: Burden of Proof in Tort Actions (first two paragraphs only) - – Wis. J.I. Civil - 1705

29. Damages: Not Taxable as Income – Wis. J.I. Civil - 1735

30. Estate's Recovery for Medical, Hospital and Funeral Expenses – Wis. J.I. Civil – 1850

31. Estate's Recovery for Pain and Suffering – Wis. J.I. Civil - 1855

32. Closing – Wis. J.I. Civil – 190

33. Special Verdict Questions: Interrelationships – Wis. J.I. Civil – 145

In addition to the above-referenced standard instructions, Albany International Corporation also respectfully requests that the attached special instructions be given to the jury:

    a.       Negligence:  Custom and Usage

    b.       Cause

    c.       Jury Not to Speculate

    d.       Compliance with Government Regulations

    e.       Damages

    f.       Impeachment of witnesses

Defendant respectfully reserves the right to modify the foregoing jury instructions and to request such other instructions in accord with evidence received during the course of trial, the issues of fact arising, the rulings of the Court on various motions, the instructions requested by the Plaintiff, and the verdict chosen at trial.  Defendant further respectfully reserves the right to withdraw requests for any of the above-referenced instructions, to move for directed verdict, and/or to join in any instruction proposed by any other party.

## **NEGLIGENCE:  EVIDENCE OF CUSTOM AND USAGE**

Evidence has been received as to the practice in paper mills with respect to the use of asbestos products.  If you find that Albany dryer felt to which Mr. Hass was exposed contained asbestos, you should consider this evidence in determining whether Albany acted with ordinary care. This evidence of practice is not conclusive as to what meets the required standard for ordinary care or reasonable safety.  What is generally done by persons engaged in a similar activity has some bearing on what an ordinarily prudent person would do under the same or like circumstances.  Custom, however, cannot overcome the requirement of reasonable safety and ordinary care.  A practice which is obviously unreasonable and dangerous cannot excuse a person from responsibility for carelessness.  On the other hand, a custom or practice which has a good safety record under similar conditions could aid you in determining whether Albany was negligent.

Authority:	Wis. J.I.-Civil 1019

## **CAUSE**

If you find that a product was defective and unreasonably dangerous, or that some party was negligent, several questions in the special verdict form ask you to decide whether that defective product or that negligence were a "cause" of Laverne Hass's lung cancer. Notice that these questions do not ask about "the cause," but rather about "a cause" of his injuries. The reason for this is that there may be more than one cause of an injury. The negligence of one person may cause it, or the combined negligence of two or more people may cause it.

Before you find that any person's negligence or a defective product was a cause of Laverne Hass's lung cancer, you must find that that negligence or that defective product was a "substantial factor" in producing the injury. In this context "substantial factor" means that the negligence has a "substantial influence," that there was a real, actual connection between the negligence and the injury, and that the negligence in question was an operating factor which had a substantial effect in producing the injury. The mere fact that you find a party was negligent or that a product was defective does not establish that the negligence or defect was a cause of Laverne Hass's lung cancer. It must also be shown that the negligence or defect produced or helped produce the injury complained of.

Authority: Wis. J.I.-Civil 1500

## **JURY NOT TO SPECULATE**

(First sentence to be read in conjunction with
Wis. J.I.-Civil 200, Burden of Proof: Ordinary)

In answering the questions on the verdict, you are not allowed to guess what the answers should be. If, after discussing the testimony and all other evidence which relates to a particular question you find that the evidence is uncertain or inadequate to the point where you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers must be based upon evidence that you believe, evidence from which you could find the existence of the facts which the party must provide to satisfy the burden of proof as to the question under consideration.

Authority:    Former Wis. J.I.-Civil 220.

## **COMPLIANCE WITH GOVERNMENT REGULATIONS**

Compliance with government safety standards constitutes strong and substantial evidence that a product is not defective.

Authority: *Lorenz v. The Celotex Corp.,* 896 F.2d 148 (5th Cir. 1990); *Gideon v. Johns-Manville,* 761 F.2d 1129 (5th Cir. 1985).

## **DAMAGES NOT TO INCLUDE PHYSICAL**

In answering the damage questions, you may not award damages for any physical condition that does not constitute an injury. It is up to you to decide whether any condition Plaintiff has claimed is an injury.

Authority:

Restatement (Second) of Torts, § 7, Comment b (1965);

*Brantner v. Jenson*, 121 Wis. 2d 658, 360 N.W.2d 529, 532 (1985);

*In re Hawaii Federal Asbestos Cases*, 734 F.Supp. 1563 (D. Haw. 1990);

*Wright v. Eagle Picher Indus., Inc.*, 80 Md. App. 606, 565 A.2d 377 (Md. App. 1989).

## **IMPEACHMENT OF WITNESSES:**
## **PRIOR INCONSITENT OR CONTRADICTORY STATEMENTS**

During the trial, you have heard evidence that a witness made a prior inconsistent statement under oath or previously testified in a manner that contradicted his testimony in this courtroom. You may consider such prior inconsistent statements as substantive evidence and you may give those statements whatever weight you would give them if the prior statements had been made in this courtroom.

Authority: Wis. J.I.-Civil 420; *Vogel v. State*, 96 Wis. 2d 372, 291 N.W.2d 838 (1980).

Dated this 30th day of December, 2014.

                CRIVELLO CARLSON, S.C.
                Attorneys for Defendant
                Albany International Corporation

                By:     /s/    ERIC D. CARLSON
                          DONALD H. CARLSON
                          Wisconsin State Bar No. 1011273
                          ERIC D. CARLSON
                          Wisconsin State Bar No. 1026562

<u>POST OFFICE ADDRESS</u>:
710 North Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Telephone: (414) 271-7722
Email: ecarlson@crivellocarlson.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014, I electronically filed with the Clerk of the Court using the ECF system defendant Albany International Corporation's Proposed Jury Instructions in the above matter.

Dated this 30th day of December, 2014.

                CRIVELLO CARLSON, S.C.
                Attorneys for Defendant
                Albany International Corporation

                By:     /s/    ERIC D. CARLSON
                          DONALD H. CARLSON
                          Wisconsin State Bar No. 1011273
                          ERIC D. CARLSON
                          Wisconsin State Bar No. 1026562

<u>POST OFFICE ADDRESS</u>:
710 North Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Telephone: (414) 271-7722
Email: ecarlson@crivellocarlson.com